ance. Nothing, however, short of payment, or the present right to receive a dividend, will operate to reduce the creditor's right to prove against the endorser's estate.

[Distinguished in Re Hamilton, 1 Fed. 808.]

2. The claimant held certain notes endorsed by the bankrupts. The makers were adjudged bankrupt, and effected a composition with their creditors June 11, 1878, and gave notes for the composition payments, dated that day, and payable in three, six, and nine months. The claimant refused to receive the notes offered him until September 25, 1878, when, one note having matured, he accepted cash for that note and the other two notes. On September 9, 1878, he proved his claim for the whole amount of the original notes in this proceeding. On application to reduce proof, *held*, that the proof was correct; that the claimant, at the time of proof, had not received, nor become entitled to receive, anything in part payment of the debt from the maker's estate which he was required to credit on the notes.

In bankruptcy.

D. J. H. Wilcox, for creditor.
Jos. Dunne, for trustee.

CHOATE, District Judge. This is a motion to reduce a proof of debt. The creditors held notes made by the firm of Greenbaum & Haas, endorsed by the bankrupts. The makers of the notes were adjudged bankrupts in May, 1878, and in June, 1878, they effected a composition with their creditors, the composition payments to be in three, six, and nine months, and for which composition notes were given for those periods respectively, dated June 11, 1878. The creditor was offered the composition notes to which he was entitled, but refused to receive them until the 25th of September, 1878, when, one of them having matured, he accepted cash for that note and the other two notes. Meanwhile, on the 9th of September, the endorsers having been adjudicated bankrupts, the creditor proved against their estates for the whole amount of the original notes. The trustee of the bankrupts now claims that, instead of proving for the whole amount of the original notes, the holder is entitled to prove only for the balance after deducting the amount of the composition.

The general rule that the holder of negotiable paper is entitled to prove both against maker and endorser for the amount of the notes, and receive dividends from both estates up to the full amount of the debt, is well established. In re Souther [Case No. 13,184]; In re Baxter [Id. 1,120]. If, however, before proof is made against the endorser, a dividend is received by or has become payable to the creditor on the note from the estate of the maker, he can prove only for the balance. If he has received payment of a dividend, the debt against the endorser is to that extent reduced. If a dividend has become payable, but he has neglected to collect or refused to receive it, although in some sense it may be true that the debt has not to that extent been in fact paid, yet he is compelled to credit the amount as if paid, because it is his own fault that he has not received it,

and it is held by the assignee for him on demand, and it would be inequitable and unjust to permit him, by refusing or neglecting to take it, to obtain a larger share of the estate of the endorser than he would be entitled to if he had taken it. Nothing, however, short of payment or the present right to receive a dividend seems to operate to reduce the creditor's right to prove against the endorser's estate, and for the very obvious reason that nothing short of this reduces the debt of the endorser then owing to the holder. In the present case, at the time proof was made against the endorser no dividend had been paid or become payable to the creditor out of the estate of the maker. The first composition note was not yet due. The composition notes are but evidences of the agreement to pay the stipulated composition. By the very terms of the act, compositions must be paid "in money." If, before proof of debt against the endorser, one of them is paid, it would seem to operate as part payment of the debt as between the holder and the endorser; but, until it is paid, or becomes due, the bankrupt at the time of its maturity being ready and able to pay it, it can at most be regarded, as between the holder and the endorser, merely as collateral security, given to the holder by the maker, which cannot affect his rights against the endorser. It is not true, as claimed by the trustee, that the mere giving of composition notes in itself operates as an extinguishment of the original debt, so that they are to be treated as a payment presently made as between the holder and the endorser.

I think in this case the creditor had not received nor become entitled to receive anything in part payment of the debt of the estate of the maker at the time of his proof against the estate of the endorsers, which he was required to credit on the notes. Motion denied.

[This case subsequently came before the court upon certain questions propounded by the register concerning the examination of the trustee by the creditors. 2 Fed. 851.]

---

## Case No. 6,457.

### In re HICKS.

[See 2 Fed. 851.]

---

HICKS (ANTONE v.).   See Case No. 493.
HICKS (BUSSEY v.).   See Case No. 2,230.

---

## Case No. 6,458.

### HICKS v. BUTRICK.

[3 Dill. 413.] [1]

Circuit Court, D. Kansas. 1875.

WYANDOT TREATY — LANDS PATENTED TO HEADS OF FAMILIES—NATURE OF TITLE GRANTED.

By terms of the treaty of January 31, 1855 (10 Stat. 1159), between the United States and

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]